UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-6826 PSG (SHx) | Date | December 13, 2012 |
|---|---|---|---|
| Title | Cheryl Kelmar v. Bank of America Corporation, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings:** **(In Chambers) Order to Show Cause Why Defendant Judge Donna Geck Should Not Be Dismissed Under Fed. R. Civ. P. 4(m)**

The Court's Standing Order provides:

> The Plaintiff(s) shall promptly serve the Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rules. Any Defendant(s) not timely served shall be dismissed from the action without prejudice. Any "DOE" or fictitiously-named Defendant(s) who is not identified and served within 120 days after the case is filed shall be dismissed pursuant to Fed. R. Civ. P. 4(m).

*Standing Order* ¶ 1. Here, although Plaintiff's Complaint names Judge Donna Geck as a defendant, there is no indication that Judge Geck was served in accordance with Fed. R. Civ. P. 4.

Fed. R. Civ. P. 4(e) ("Serving an Individual Within a Judicial District of the United States") provides in pertinent part:

[A]n individual ... may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6826 PSG (SHx) | Date | December 13, 2012 |
|---|---|---|---|
| Title | Cheryl Kelmar v. Bank of America Corporation, et al. | | |

(2) doing any of the following:
(A) delivering a copy of the summons and of the complaint to the individual personally;
(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Pursuant to Rule 4(e)(1), proper service may also be made by following California law. California law provides for service of a summons upon "persons not otherwise specified" "by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process." Cal. Civ. Proc. Code § 416.90(b). If, after reasonable diligence, the summons and complaint cannot be personally delivered in accordance with Section 416.90, substituted service is permitted as follows:

[A] summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. Proc. Code § 415.20(b).

Here, Plaintiff's proof of service indicates neither compliance with federal nor state law. *See* Dkt. # 39. On the top half of the page, there are handwritten notations detailing the name Lynn K. Hendred (as well as her signature), and a time and date of August 9, 2012 at 1:57 (the page does not specify a.m. or p.m.). There is also an address listed above Ms. Hendred's name.

On the second half of the page, in a thicker font, there is another handwritten notation stating "Personal Service to Judge Donna Geck at [address]." The address listed in conjunction with Judge Geck's name differs from the address listed in conjunction with Ms. Hendred's name.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6826 PSG (SHx) | Date | December 13, 2012 |
|---|---|---|---|
| Title | Cheryl Kelmar v. Bank of America Corporation, et al. | | |

      It is unclear whether the summons and complaint were physically delivered to Judge Geck personally, were delivered to someone authorized to receive service of process, or were just left at Judge Geck's home or office.  It is also unclear whether the signature of Lynn K. Hendred and the time/date listed pertain to the personal service of Judge Geck, or whether they pertain to the Defendants listed on page three, Gina Albertson and Bryan Cave.

      Moreover, even if the copy of the summons and complaint was personally served on Judge Geck in accordance with Rule 4(e)(2)(A) or Cal. Civ. Proc. Code § 416.90(b), there is no indication that service complied with Fed. R. Civ. P. 4(l).  Under Rule 4(l)(1), proof of service is required in the form of a server's affidavit (unless the complaint is served by the United States Marshal or deputy marshal).  Here, an affidavit of service have not been provided as to Judge Geck.  *See* Dkt. # 39.

      Accordingly, Plaintiff is hereby ordered to show cause by **January 3, 2013,** why Judge Geck should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).  The Court will consider the filing of the server's affidavit by Plaintiff as to Judge Geck as an appropriate response to this Order to Show Cause.

      **IT IS SO ORDERED.**