O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#163/164/165

CIVIL MINUTES - GENERAL

| Case No. | CV 12-6826 PSG (SHx) | Date | March 7, 2013 |
|---|---|---|---|
| Title | Cheryl Kelmar v. Bank of America Corporation, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):   Attorneys Present for Defendant(s):

Not Present                            Not Present

**Proceedings:**   **(In Chambers) Order GRANTING Defendant's Motion to Expunge Notice of Lis Pendens and DENYING Defendant's Motion for Preliminary and Permanent Injunction**

Presently before the Court is Defendant Wells Fargo's Motion to Expunge a Notice of Lis Pendens and Motion for Preliminary and Permanent Injunction. Dkts. # 163, 165. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); Local R. 7-15. After considering the moving papers, the Court hereby GRANTS the Motions to expunge the notice of lis pendens and DENIES the Motion for Preliminary and Permanent Injunction.

I.   Background

Plaintiff Cheryl Kelmar ("Plaintiff"), filed two complaints in 2009, *Kelmar v. Countrywide Home Loans, Inc., et al.*, CV 09-2256 PSG (Ex) (the "Countrywide case") and *Kelmar v. Mortgage Electronic Registration Systems, Inc., et al.*, CV 09-3313 PSG (Ex) (the "MERS case"). On May 25, 2012, Plaintiff filed another Complaint, also relating to foreclose proceedings. *Kelmar v. Bank of America, et al.*, CV 12-4525 PSG (Ex), Dkt. # 1. Plaintiff named five Defendants in the Complaint: Select Portfolio Servicing ("SPS"), Bank of America Corporation ("Bank of America"), Harbor View Mortgage Loan Trust 2006-12 ("Harbor View"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Wells Fargo Bank ("Wells Fargo"). CV 12-4525 PSG (Ex), *Compl.* ¶¶ 4-7.

On June 13, 2012, Plaintiff filed a First Amended Complaint. CV 12-4525 PSG (Ex), Dkt. # 18. Under Federal Rule of Civil Procedure 15(a), the filing of the First Amended

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#163/164/165**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6826 PSG (SHx) | Date | March 7, 2013 |
|---|---|---|---|
| Title | Cheryl Kelmar v. Bank of America Corporation, et al. | | |

Complaint was proper because it was filed within 21 days of the service of the original Complaint.

The First Amended Complaint retained the original five Defendants and added six more Defendants. The added Defendants were: Judge Donna Geck, John Lauritsen, OneWest Bank, Dale Gentili, Bryan Cave, and myself. CV 12-4525 PSG (Ex), *FAC* ¶¶ 5-14. Shortly thereafter, Plaintiff filed a motion for leave to file a second amended complaint and an addendum to the motion for leave to file a second amended complaint. CV 12-4525 PSG (Ex), Dkts. # 35, 52. Plaintiff then voluntarily dismissed the action while Defendants' motions to dismiss were still pending. CV 12-4525 PSG (Ex), Dkt. #102.

Later that day, Plaintiff filed the complaint in this case, *Kelmar v. Bank of America, et al.*, CV 12-06826 PSG (Ex), concerning the same factual issues. CV 12-06826 PSG (Ex), Dkt. # 1. Defendant John Lauritsen ("Lauritsen") provided notice that the related action, *Kelmar v. Bank of America*, CV 12-04525 PSG (Ex) had been dismissed and re-filed as the currently pending action. CV 12-06826 DMG, Dkt. # 24. To accommodate judicial economy and avoid unnecessary litigation costs, Lauritsen requested that the matter be transferred back to me. *Id.*

Since Plaintiff included me as a Defendant, following the filing of the Complaint, I severed the claims alleged against me from the other claims. *Id.* I recused myself from the claims alleged against me but preside over the remaining claims. *Id.* In a separate minute order, the claims against Judge Charles F. Eick ("Judge Eick"), erroneously sued as Judge Fink, were also severed.

In the most recently filed Complaint (CV 12-06826 PSG (Ex), Dkt. # 1), Plaintiff alleged causes of action for (1) quiet title, (2) declaratory and injunctive relief, (3) breach of contract, (4) fraud, (5) violations of the Fair Debt Collection Practice Act ("FDCPA"), and (6) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The Court has granted Defendants' Motion to Dismiss all of Plaintiff's claims. Dkt. # 116. Following the dismissal of Plaintiff's claims, Defendants filed this motion to expunge the lis pendens and motion for preliminary and permanent injunction. Dkts. # 163, 165.

II.    Discussion

    A.    Defendants' Motion to Expunge

Wells Fargo move under California Code of Civil Procedure sections 405.30, 405.31,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#163/164/165

CIVIL MINUTES - GENERAL

| Case No. | CV 12-6826 PSG (SHx) | Date | March 7, 2013 |
|---|---|---|---|
| Title | Cheryl Kelmar v. Bank of America Corporation, et al. | | |

and 405.32 to expunge the Notice of Lis Pendens, recorded on May 15, 2012 in the Office of the Recorder of Santa Barbara as Document No. 2012-0031737. In relevant part, California Code of Civil Procedure section 405.31 provides that a court "shall order that the notice [be] expunged if the court finds that the pleading on which the notice is based does not contain a real property claim," Cal. Code. Civ. Proc. § 405.31. Moreover, the "claimant shall have the burden of proof under Section[ ] 405.31." Cal. Code. Civ. Proc. § 405.30. California Code of Civil Procedure section 405.32 also provides that "the court shall order that the notice be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Cal. Code. Civ. Proc. § 405.32.

Plaintiff has not established by a preponderance of the evidence the probable validity of her claim. The Court granted Defendants' Motions to Dismiss Plaintiff's claims with prejudice. Dkt. # 116. Accordingly, under sections 405.31 and 405.32, the Court must order the notice of lis pendens be expunged. Therefore, Wells Fargo's motion to expunge is GRANTED.

### B. Defendant's Motion for Preliminary/Permanent Injunction

Wells Fargo argues that the Court should award an injunction under these circumstances because, without a court order, Plaintiff will continue to file documents that will cloud the title to the Property and cause additional, unnecessary litigation. However, as to this action, Plaintiff is already barred from filing a second notice of lis pendens. *See* Cal. Code Civ Pro. § 405.36 ("Once a notice of pending action has been expunged, the claimant may not record another notice of pending action as to the affected property without leave of the court in which the action is pending."); *Ranchito Ownership Co. v. Superior Court*, 130 Cal. App. 3d 764, 771, 182 Cal. Rptr. 54 (1982) ("To allow a party to record, at will, a second notice of lis pendens after the first had been expunged would simply invite more of the abuse which the statute was intended to cure. Such a tactic, undertaken without the prior consent of the court, should be recognized for what it is: An ex parte interference with the status established by the court's order."). Thus, because Plaintiff is already legally barred from filing additional documents that could cloud the title with respect to the Property at issue in this lawsuit, Wells Fargo's Motion for Preliminary and Permanent Injunction is DENIED.

### III. Conclusion

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#163/164/165**

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-6826 PSG (SHx) | Date | March 7, 2013 |
|---|---|---|---|
| Title | Cheryl Kelmar v. Bank of America Corporation, et al. | | |

      Based on the foregoing, the Court GRANTS Wells Fargo's Motion to expunge the notice of lis pendens and DENIES Wells Fargo's Motion for a preliminary and permanent injunction.

      **IT IS SO ORDERED.**